# IN THE MATTER OF THE APPLICATION OF WONG ON FOR A WRIT OF HABEAS CORPUS.

## October 3 1911.

*Habeas Corpus—Practice—Order to show cause—Chinese exclusion law:* Where a petition for a writ of habeas corpus for relief of one ordered deported under the Chinese exclusion law, discloses the same facts as those of a case previously determined here (*In re Su Yen Hoon*, 3 U. S. Dist. Ct. Haw. 606), the court instead of granting the writ in the first instance, orders the respondent to show cause why the writ should not issue, and upon the hearing on the return to the order denies the writ, following the decision in the previous case.

*Habeas Corpus:* Petition for writ; order to show cause.

*Thompson, Wilder, Watson & Lymer* for petitioner.
*R. W. Breckons,* U. S. District Attorney, for respondent.

CLEMONS, J. It appearing that the grounds of the petition herein were identical with those presented in behalf of the petition in *In re Su Yen Hoon,* 3 U. S. Dist. Ct. Haw. 606, and Judge Robertson in that similar case having rendered a decision adverse to the petitioner, I deemed it the best practice not to issue the writ, and, instead, ordered the respondent to show cause why the writ should not issue. See 9 Enc. Pl. & Pr. 1024-1025, and notes; Church, Hab. Corp., 2nd ed., sec. 101; also, *Soga v. Jarrett,* 3 U. S. Dist. Ct. Haw. 502, 517.

At the hearing on the return to the order to show cause, the respondent's counsel urged that, admitting the facts alleged in the petition, the writ must be denied, in view of the decision of this court in the case of *Su Yen Hoon,* supra.

As that decision appears to be sound in its disposition of the questions raised, it should be followed. See *United States v. Hoshi,* 3 U. S. Dist. Ct. Haw. 439; *United States v. Ishibashyi,* 3 U. S. Dist. Ct. Haw. 517.

The rule to show cause is discharged, and the writ denied.